AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Durant Wayne Campbell, a/k/a Durrant Campbell | ) | Case No. 14-8054-WM |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

FILED by _____ D.C.

FEB 0 7 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __February 7, 2014__ in the county of __West Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code Section 1326(a) and (b)(1). | Illegal re-entry after deportation. |

This criminal complaint is based on these facts:

PLEASE SEE AFFIDAVIT

☒ Continued on the attached sheet.

_____
Complainant's signature

Border Patrol Agent, Scott H. Stacy
*Printed name and title*

Sworn to before me and signed in my presence.

Date: February 7, 2014

_____
Judge's signature

City and state: West Palm Beach, Florida

William Matthewman, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT
# OF
# SCOTT STACY
# UNITED STATES DEPARTMENT OF HOMELAND SECURITY
# CUSTOMS AND BORDER PROTECTION

I, Scott Stacy, being duly sworn, depose and state:

1. I am a Border Patrol Agent with the Department of Homeland Security, Customs and Border Protection ("CBP"), and have been so employed for more than sixteen (16) years. I am currently assigned to the West Palm Beach Border Patrol Station, Riviera Beach, Florida. The station is located in the Southern District of Florida. As a Border Patrol agent, my duties and responsibilities include enforcing criminal and administrative immigration laws of the United States. I have also conducted and participated in investigations of this nature.

2. As a Border Patrol Agent, my duties also include the detection and interdiction of individuals illegally entering the United States, and those aliens who are currently within the United States illegally. I am trained in detecting and locating individuals suspected of assisting aliens in their illegal entry into the United States by any means. I am also responsible for the investigation and processing of aliens who are entering or residing illegally in the United States, as well as the investigation of people responsible for the smuggling of such undocumented aliens.

3. The facts contained in this affidavit are based on my own personal knowledge, as well as, information provided to me by other law enforcement officers and civilians. This affidavit is provided for the limited purpose of establishing probable cause and, therefore, does not contain all the facts known to me relating to this investigation.

4. Based upon the facts contained in this affidavit, I respectfully submit that probable cause exists to believe that on or about February 7, 2014, Durant Wayne CAMPBELL, a.k.a. Durrant Campbell (CAMPBELL), committed the offense being found in the United States after deportation, in violation of 8 U.S.C. §1326(a) and (b)(1).

5. On or about December 13, 2013, the Department of Homeland Security ("DHS") Homeland Security Investigations' ("HSI") tip line received information from an anonymous person that Durant CAMPBELL, a Jamaican citizen, was illegally present in the United States. This individual also stated that CAMPBELL was known to carry a firearm. Based upon this information, HSI agents began and conducted an investigation which ultimately revealed that CAMPBELL is currently living in a house in Boca Raton, Florida within the Southern District of Florida.

6. During the course of the investigation, an HSI agent received CAMPBELL's Alien File with assigned number #AXXXXXX308 which contained an order of removal for, and a photograph of, CAMPBELL. CAMPBELL's file also contained an FBI number of 290271CD7 for CAMPBELL. CAMPBELL's file also indicated that he was approximately 5'8" and 140 pounds at the time of his last encounter with immigration authorities.

7. According to U.S. Immigration records, CAMPBELL was ordered removed on or about November 2, 2004, and was actually physically removed from the United States on or about November 3, 2004. CAMPBELL subsequently reentered the United States and was removed again on or about January 10, 2012. A check of the Immigration databases revealed no record of application for permission to reenter the United States legally.

2

8. I have received a Certificate of Non-Existence of Record from the U.S. Citizenship and Immigration Services, Royal Palm Beach, Florida, wherein the local custodian of records for the U.S. Customs and Immigration Services confirmed that no record exists that CAMPBELL obtained consent at any time prior to March 1, 2003, from the Attorney General of the United States, or at any time after February 28, 2003, from the Secretary of the Department of Homeland Security, for readmission into the United States.

9. Records also confirm that CAMPBELL was convicted of Grand Theft in the 3rd Degree in Case No. 06-2008-CF-021711A88810 in and for the 17th Judicial Circuit of Florida located in Broward County, Florida.

10. On February 7, 2014, agents from HSI and USBP observed CAMPBELL (who was recognized by the picture, as well as the physical description contained within the Alien File) outside of the residence located at 22738 S.W. 66th Avenue, Boca Raton, Palm Beach County within the Southern District of Florida. Specifically, agents observed CAMPBELL in front of a blue Toyota pickup truck. When agents made contact with CAMPBELL and called out his name, CAMPBELL closed the hood of the pickup truck and went inside of the house.

11. Agents knocked on the door of the house and a black female, identified as Aleicia Frankson-Jones answered the door. She stated that her grandmother rents the house from a landlord and that the grandmother collects rent from four adults including CAMPBELL. The grandmother then pays the landlord with the money collected from the four people. Ms. Frankson-Jones then gave the agents permission to enter the house.

3

12. Agents entered the house and could not locate CAMPBELL. Agents noticed that CAMPELL's bedroom door was locked. No response was heard when knocking on CAMPBELL's bedroom door.

### CONCLUSION

13. Based on the foregoing, I respectfully submit that there is probable cause to believe that on or about February 7, 2014, Durant Wayne CAMPBELL, a.k.a. Durrant Campbell, has committed the offense of being found in the United States after deportation, in violation of 8 U.S.C. §1326(a) and (b)(1).

FURTHER AFFIANT SAYETH NAUGHT.

_____
SCOTT STACY
BORDER PATROL AGENT
CUSTOMS AND BORDER PROTECTION

SWORN TO AND SUBSCRIBED BEFORE
ME THIS 7th DAY OF FEBRUARY, 2014, AT
WEST PALM BEACH, FLORIDA.

_____
HON. WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: __14-8054-WM__

UNITED STATES OF AMERICA

vs.

DURANT WAYNE CAMPBELL,
a/k/a Durrant Campbell,

**Defendant.**
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  _____ Yes  ___X___ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  _____ Yes  ___X___ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: _____
Jennifer C. Nucci
Assistant United States Attorney
Florida Bar No. 171700
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401
TEL: (561) 820-8711
FAX: (561) 805-9846